UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEREIK L. EDWARDS <br> 5503 OAKBROOK PLACE <br> LANHAM, MD 20706 <br>         Plaintiff, <br><br> v. <br><br> ELAINE C. DUKE, ACTING SECRETARY, <br> U.S. DEPARTMENT OF HOMELAND SECURITY <br> WASHINGTON, DC 20528 <br>         Defendant. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by his attorney, files this action, following his exhaustion of administrative remedies, and alleges as follows:

### NATURE OF ACTION

1. This is a challenge to Defendant's unlawful discrimination against and retaliation of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* ("Title VII").

2. This is a challenge to Defendant's unlawful discrimination and retaliation against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 *et seq.* ("AGE DISCRIMINATION IN EMPLOYMENT ACT").

3. Defendant discriminated against Plaintiff based on his race (African American and age (over 40) and retaliated against him for prior EEO activity.

4. To remedy the Defendant's discriminatory conduct, retaliatory conduct of Plaintiff, Plaintiff seeks back pay, compensatory damages, attorney's fees and costs, injunctive relief, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

5. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. The United States District Court for the District of Columbia may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.  The Court also has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3) and 2000e-16 and 29 U.S.C. § 633a© as this matter involves a civil action by an aggrieved person under Title VII and the AGE DISCRIMINATION IN EMPLOYMENT ACT.

7. The Court may properly maintain personal jurisdiction over Defendant because Defendant's office is located in the District of Columbia.

8. Venue is properly laid in the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is located in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the AGE DISCRIMINATION IN EMPLOYMENT ACT as follows:

    a. On December 14, 2011 and other times, Plaintiff filed timely EEO complaints with his agency based on his race, age and retaliation for prior protected activity for failure to grant his requests to convert to the District of Columbia Police and Firefighters Retirement and Disability /Federal Employee Retirement System (DC/FERS) for his work as an Information Technology Specialist at the agency's

    facilities in Washington, DC and elsewhere for decades. Plaintiff has more than 40 years of federal service with the United States Secret Service, which is now part of the defendant agency.

  b. Plaintiff timely requested the U.S. Equal Employment Opportunity Commission for a hearing on his discrimination and retaliation claims but later withdrew his request for a hearing and requested a final agency decision without a hearing. Plaintiff timely appealed the adverse final agency decision to the EEOC Office of Federal Operations.

  c. On August 15, 2017, the EEOC Office of Federal Operations issued a decision denying the appeal.

  d. On August 17, 2017 Plaintiff and his undersigned attorney received the EEOC Office of Federal Operations decision.

  e. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned EEOC Office of Federal Operations decision.

11. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## PARTIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff is a GS-11, Information Technology Specialist with the defendant agency and has over 40 years of federal service with the United States Secret Service, a component of the Department of Homeland Security.

14. Defendant Elaine C. Duke is the Acting Secretary of the Department of Homeland Security and is named in her official capacity. Pursuant to 42 U.S.C. § 2000e-16©, employees can file

suit against the federal government for redress of Title VII grievances within 90 days of receipt of notice of decision of appeal from the EEOC Office of Federal Operations. Pursuant to 29 U.S.C. § 633a(c), employees can similarly file suit for AGE DISCRIMINATION IN EMPLOYMENT ACT claims.

15. Pursuant to 42 U.S.C. § 2000e-16©, Elaine C. Duke, Acting Secretary of the U.S. Department of Homeland Security is the properly named Defendant.

## FACTUAL ALLEGATIONS

**16.** Plaintiff is an African-American.

17. Plaintiff was over age 40 at the time he filed his formal complaints of discrimination.

18. Plaintiff has over 40 years of federal service with the Secret Service.

19. At all relevant times, Plaintiff was an employee of the Secret Service, which is now a component of the Department of Homeland Security.

20. For more than 10 years Plaintiff has worked the equivalent of temporary or intermittent protection time qualifying him for transfer of his retirement funds from the Civil Service Retirement System (CSRS) to the DC/FERS.

21. Despite his timely and multiple applications the agency has denied his requests for transfer to DC/FERS because of his age, race and multiple EEO complaints.

## COUNT I: RACE DISCRIMINATION

**22.** All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

23. Plaintiff belonged to a protected class based on his race. The agency officials denying Plaintiff's multiple requests for conversion to DC/FERS were aware of his race.

24. Defendant denied Plaintiff conversion to the DC/FERS because of his race.

25. Defendant treated other similarly situated employees outside his protected class more favorably.

26. Any non-discriminatory reason proffered by Defendant for denying Plaintiff's conversion to the DC/FERS are pretexts for unlawful discrimination.

27. To redress Defendant's discriminatory acts under Count I, Plaintiff seeks retroactive conversion to the DC/FERS, injunctive relief, compensatory damages, emotional distress damages, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

COUNT II AGE DISCRIMINATION

28. Complaint paragraphs 1-27 are incorporated by reference herein as if the same were set forth at length.

29. Plaintiff belonged to a protected class based on his age. Defendant and the persons involved in rejecting Plaintiff's requests for conversion to DC/FERS were aware of Plaintiff's age.

28. Defendant denied Plaintiff's requests for conversion to the DC/FERS because of his age.

29. Defendant treated other similarly situated employees outside Plaintiff's protected class more favorably.

30. Any non-discriminatory reason proffered by Defendant for denying Plaintiff's conversion to DC/FERS are pretexts for unlawful discrimination.

31. To redress Defendant's discriminatory acts under Count II, Plaintiff seeks retroactive conversion to DC/FERS, injunctive relief, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

## COUNT III- RETALIATION

**32.** All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

33. Plaintiff engaged in prior protected activity before the agency's last rejection of his request for conversion to DC/FERS by filing at least one prior EEO complaint for a prior rejection to conversion to DC/FERS.

34. The persons responsible for rejecting Plaintiff's last request for conversion to DC/FERS were aware of his prior protected activity.

35. Plaintiff experienced an adverse employment action when the agency last rejected his request for conversion to DC/FERS.

36. Defendant's last rejection of Plaintiff's request for conversion to DC/FERS was based at least in part on his prior protected EEO activity.

37. To redress Defendant's retaliatory acts under Count III, Plaintiff seeks retroactive conversion to DC/FERS, injunctive relief, compensatory damages, emotional distress damages, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

38. Entry of judgment in favor of Plaintiff against Defendant;

39. Injunctive relief;

40. Retroactive conversion to DC/FERS;

41. Compensatory damages;

42. Attorney's fees and costs; and

43. Other such relief as may be appropriate to effectuate the purposes of Title VII and AGE DISCRIMINATION IN EMPLOYMENT ACT.

          Respectfully submitted,

*/s/ Joel P. Bennett*
Law Offices of Joel P. Bennett, P.C.
1629 K Street NW, suite 300
Washington, DC 20006
Tel. 202-365-4140
Fax-1-866-530-0943
Joelpbennett1946@gmail.con
Attorney for Plaintiff
DC Bar no. 145227

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: September 18, 2017

          Respectfully submitted,

*/s/*
Joel P. Bennett